United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Juan C. Brinis Fernandez, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-21503-Scola |
| | ) | |
| State of Florida, Defendant. | ) | |

### Order Dismissing Case

Plaintiff Brinis Fernandez, a state inmate convicted of burglary and grand theft, has filed a complaint under 42 U.S.C. § 1983 (Compl., ECF No. 1), and a motion for leave to proceed in forma pauperis. (ECF No. 3.) He maintains that his sentence was miscalculated, and, as a result, he has been wrongfully incarcerated. (Compl. at 6.) As required by 28 U.S.C. § 1915A, the Court has screened the complaint and, for the reasons stated herein, concludes that it shall be **DISMISSED** with prejudice for failure to state a claim.

1. **Background**

Brinis Fernandez has been in and out of state prison since 2011 for charges and convictions of burglary and grand theft. (Compl. at 7.) On December 20, 2016, he completed his five-year prison sentence and began serving a five-year term of probation. (*Id.* at 9.) On May 28, 2019, he returned to prison for a probation violation. (*Id.*) He was released again on October 1, 2020, but returned to prison on July 28, 2021, for another probation violation. (ECF No. 1-1 at 12–13.) On January 11, 2022, after reaching a plea agreement, he was sentenced to twenty-four months in state prison. (*Id.* at 13.)

Brinis Fernandez takes issue with the sentencing court's calculation of time served. He was awarded 168 days for the time between his arrest on July 28, 2021, and his sentencing on January 11, 2022. (*Id.* at 16.) But Brinis Fernandez believes he is entitled to additional time served prior to his July 2021 arrest, for a total of 2,490 days of credit for time served. (*Id.* at 21.) Since that amount exceeds his twenty-four-month sentence, he demands to be immediately released from custody. (Compl. at 6.) He additionally seeks $170,000 in punitive damages and $150,000 in compensatory damages for what he believes to be his unlawful incarceration. (*Id.* at 11.)

## 2. Discussion

Because Brinis Fernandez is a prisoner whose complaint "seeks redress from a governmental entity," this Court must apply the screening provisions of 28 U.S.C. § 1915A. "Under § 1915A, the district court is required to . . . dismiss the complaint if it (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted or (2) seeks monetary relief from an immune defendant." *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam). The same standards govern dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and dismissal for failure to state a claim under § 1915A(b)(1). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001) (per curiam). Thus, under § 1915A(b)(1), a court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A district court may dismiss a complaint for failure to state a claim based upon an affirmative defense when the defense is an obvious bar given the allegations, even if the defendant has not asserted the defense." *Burlison v. Angus*, 737 F. App'x 523, 524 (11th Cir. 2018) (per curiam) (cleaned up). Furthermore, under § 1915A(b)(1), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Leal*, 254 F.3d at 1279.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (per curiam) (cleaned up). However, a district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 603 (cleaned up).

Upon careful review, Brinis Fernandez's § 1983 complaint suffers from several infirmities. First, the only defendant listed—the State of Florida—"has not waived its immunity to § 1983 actions." *Williams v. Robbins*, 153 F. App'x 574, 576 (11th Cir. 2005). Thus, the only defendant in this case is immune from suit.

Second, the complaint's request for injunctive relief is not cognizable in a § 1983 action. *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) ("[D]eclaratory or injunctive relief claims which are in the nature of habeas corpus claims—i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable under

§ 1983."). Rather, a habeas action pursuant to 28 U.S.C. § 2241 is the appropriate means by which an inmate may challenge the calculation and execution of his sentence. *See Bishop v. Reno*, 210 F.3d 1295, 1304 n. 14 (11th Cir. 2000). However, as Brinis Fernandez notes, he is currently litigating this issue in a habeas proceeding in state court. (Compl. at 14–15.) A § 2241 proceeding would therefore be premature, since Brinis Fernandez has not yet exhausted his state remedies. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).

Third, as to Brinis Fernandez's request for damages, "in order to recover damages for allegedly unconstitutional conviction or imprisonment," a § 1983 plaintiff must "demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Brinis Fernandez has made no such demonstration, nor could he, since the state courts have so far rejected his attempts to modify his sentence. *See* Dkt. Nos. 599 & 606, *State v. Brinis Fernandez*, No. 13-2011-CF-033377-0001-XX.[1] Thus, Brinis Fernandez's claim for damages fares no better than his request for injunctive relief.

### 3. Conclusion

For the reasons set forth above, Brinis Fernandez's § 1983 complaint fails to state a claim upon which relief could be granted. Although pro se plaintiffs are normally given at least one chance to amend a deficient complaint, sua sponte dismissal is appropriate for claims that are clearly frivolous. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Accordingly, the Court **dismisses with prejudice** the complaint (ECF No. 1) and **denies as moot** the motion for leave to proceed in forma pauperis (ECF No. 3). The Clerk is directed to **close** this case and **mail** a copy of this order to Brinis Fernandez.[2]

---

[1] "This Court may take judicial notice of Plaintiff's prior action as well as the arrest report in determining whether to dismiss this action." *Belton v. Pereira*, No. 3:20-cv-35-MCR-HTC, 2020 WL 907580, at *2 (N.D. Fla. Jan. 24, 2020).

[2] The Court has also taken judicial notice of the Florida Department of Corrections' "Inmate Population Information Search," available at http://www.dc.state.fl.us/OffenderSearch/ (last accessed May 20, 2022); *see also Barnette v. Tucker*, No. 19cv4743, 2021 WL 2667534, at *15 (N.D. Fla. May 20, 2021) (taking judicial notice of the Department of Corrections' records to determine where a prisoner was currently housed). It appears that Brinis Fernandez has been moved from the South Florida Reception Center to the South Bay Correctional Facility. The Clerk is INSTRUCTED to mail a copy of this Order to Brinis Fernandez at both locations.

**Done and ordered**, in chambers, in Miami, Florida, on May 23, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Juan Brinis Fernandez
395380
South Florida Reception Center
Inmate Mail/Parcels
14000 NW 41st Street
Doral, FL 33178


395380
South Bay Correctional Facility
Inmate Mail/Parcels
600 U.S. Highway 27 South
South Bay, FL 33493-2233